UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJA AYANNA TERRY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-02324 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.[1]

BACKGROUND

Plaintiff was born on June 22, 1999. AT 115. An application for supplemental security income (SSI) was filed on behalf of plaintiff on June 29, 2012 and closed on October 24, 2012. Administrative Transcript ("AT") 116. On April 8, 2013, plaintiff's mother filed a second SSI

---

[1] The parties have consented to magistrate judge jurisdiction. ECF Nos. 7 &8.

application on plaintiff's behalf, alleging disability beginning November 1, 2000, when plaintiff was less than two years old. AT 102, 199-208. Plaintiff's mother alleged that plaintiff was disabled due to behavioral and physical issues, including academic problems, possible post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), and skin disease. AT 141, 149, 214, 231, 239. In a decision dated February 17, 2015, the ALJ determined that plaintiff was not disabled under the Social Security Act.[2] AT 16-30. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant was born on June 22, 1999. Therefore, she was an adolescent on April 8, 2013, the date application was filed, and is currently an adolescent.
>
> 2. The claimant has not engaged in substantial gainful activity since April 8, 2013, the application date.
>
> 3. The claimant has the following severe impairments: learning disorder; attention deficit hyperactivity disorder; and mood disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings.

---

[2] Child's Supplemental Security Income ("SSI") is paid to disabled persons under the age of eighteen. A child is considered disabled if the child has a medically determinable physical or mental impairments that result in marked and severe functional limitations. 42 U.S.C. § 1382c(a)(3)(C)(i). A three step sequential evaluation is utilized in determining eligibility for Child's SSI. The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment, i.e., causes more than minimal functional limitations? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet, medically equal, or functionally equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If not, he is not disabled.

20 C.F.R. § 416.924(a)-(d).

2

> 6. The claimant has not been under a disability, as defined in the Social Security Act, since April 8, 2013, the date the application was filed.

AT 19-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ failed to include evidence from plaintiff's prior application for benefits; (2) the ALJ failed to fully develop the record and/or obtain the opinion of a pediatric specialist; and (3) the ALJ erred in finding less than marked limitation in three of the domain areas.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A. Prior Application

Plaintiff asserts that the ALJ improperly failed to include evidence from her prior application for disability benefits, which was denied on initial consideration six months prior to her second application. Plaintiff argues that the prior application required the ALJ to apply Acquiescence Ruling (AR) 97-4(9) and Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988). AR 97-4(9) explains how Chavez applies to disability cases involving claimants who reside in states in the Ninth Circuit:

> [Chavez] held that a final decision by an ALJ is not disabled gives rise to a presumption that the claimant continues to be not disabled after the period adjudicated, and that this presumption of continuing nondisability applies when adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim. In order to rebut the presumption of continuing nondisability, a claimant must prove 'changed circumstances' indicating a greater disability.

Plaintiff contends that, instead of applying AR 97-4(9) as required, the ALJ ignored plaintiff's prior application and failed to determine whether the evidence overcame a presumption of non-disability.

In his decision, the ALJ wrote:

> The period at issue begins on the application date of April 8, 2013. The record contains evidence going back before the date of the application; this evidence, while reviewed and considered, has not been discussed in detail within this decision due to the limited relevance of it on determining the claimant's disability status for the period at issue, which is April 8, 2013 through the date of this decision.

AT 22.

Defendant argues that AR 97-4(9) does not apply with respect to plaintiff's prior application, because there is no record of a "final decision" on that application, which was closed at the initial stage and not appealed.[3] AT 116; see ECF No. 17 at 5. As this argument has merit,

---

[3] It is has been held that legal finality does not apply to SSA terminations rendered prior to a hearing before an ALJ, with courts distinguishing between an administrative decision rendered at

4

the court finds the ALJ did not err by failing to apply AR 97-4(9).

### B. Duty to Develop

Plaintiff asserts that, because the ALJ admitted a 2012 State agency evaluation made in connection with plaintiff's first application, he was "required to fully develop the record as to that application." (ECF No. 17 at 17.) See AT 31, 102-114. Plaintiff contends that the ALJ should have admitted and discussed various 2012 opinions of consultative examining psychologist Dr. Sid Cormier and other 2012 records related to plaintiff's first application.

Disability hearings are not adversarial. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented). Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288.)

Here, as noted above, the ALJ stated that he had reviewed and considered evidence prior to the application date, but had not discussed it in detail due to its limited relevance to the disability period beginning April 8, 2013. AT 22. As to Dr. Cormier, the ALJ discussed his comprehensive mental examination of plaintiff on June 30, 2013 (AT 22; 440-445), his September 17, 2012 evaluation (AT 23, 414-42), and his June 12, 2014 evaluation (AT 23, 464-468). Defendant points out that, while plaintiff may have been scheduled for earlier appointments in 2012, there is no record that Dr. Cormier examined her on any date that year except September 17, as discussed in the decision.

////

---

either the initial application or reconsideration stage and a decision reached after an adjudicative procedure. See Delamater v. Schweiker, 721 F.2d 50, 54 (2d Cir. 1983) (declining to apply res judicata to an administrative decision where "[t]here was no hearing, no testimony, no subpoenaed evidence, no argument, no opportunity to test any contention by confrontation").

While plaintiff argues that the ALJ should have discussed additional evidence pertaining to the prior application, she does not explain what ambiguous evidence triggered the duty to develop or why any failure to develop the record was not harmless error.

Related to the duty to develop, plaintiff asserts that the ALJ failed to obtain the opinion of a pediatric specialist under AR 04-1(9), interpreting Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006 (9th Cir. 2003). AR 04-1(9) requires that, in childhood disability cases, the ALJ

> must make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as identified by the ALJ or AAJ) evaluates the case of the individual. To satisfy this requirement, the ALJ or AAJ may rely on case evaluation made by a State agency medical or psychological consultant that is already in the record, or the ALJ or AAJ may rely on the testimony of a medical expert. When the ALJ relies on the case evaluation made by a State agency medical or psychological consultant, the record must include evidence of [his or her] qualifications[.]

Here, the ALJ relied on the opinions of State agency medical consultants Dr. Colsky (psychiatry), Dr. Lockmiller (internal medicine), Dr. IdaHilliard (psychiatry), and Dr. Jaituni (other). AT 24, 113, 123, 136. The ALJ noted their qualifications under the applicable agency regulations and found that their opinions were "consistent with the evidence as a whole, including the treatment record, Dr. Cormier's examinations and the education records." AT 24. As this alternative to an independent specialist satisfied the requirements of AR 04-1(9), the court finds no error in this regard.

C. Limitations

Plaintiff contends the ALJ erroneously found that plaintiff's impairments do not functionally equal a childhood listing.[4] Plaintiff argues that the ALJ did not properly evaluate

---

[4] In determining whether a child's impairments functionally equal the listings, the ALJ must consider how a child functions in six domains:

> (1) Acquiring and using information;
> (2) Attending and completing tasks;
> (3) Interacting and relating with others;
> (4) Moving about and manipulating objects;
> (5) Caring for yourself; and
> (6) Health and physical well-being.

plaintiff's functioning in three of the six domain areas, discussed below.

1. Interacting and relating with others

In this domain area, the ALJ found less than marked limitation, explaining:

> The claimant has less than marked limitation in interacting and relating with others. The school records show that the claimant was defiant in class and she disrupted other students. (Ex. 17E, pp. 3, 15). However, the record reflects that the claimant has friends despite and engages in social activities (Testimony). Accordingly, the undersigned finds that the claimant has less than marked limitations in this domain.

AT 27.

Plaintiff argues that this finding ignores Dr. Cormier's June 12, 2014 opinion diagnosing plaintiff with Oppositional Defiant Disorder and Shasta County psychologist Dr. Trustman's October 15, 2013 diagnosis of adjustment disorder with mixed disturbance of emotions and conduct (chronic). AT 467, 462.

In Dr. Cormier's June 2014 opinion, he stated: "Although her interview behavior was quite pleasant and friendly, her reported history suggested serious impairment regarding her ability to interact with classmates and teachers." AT 467. The ALJ considered this opinion, including findings by Dr. Cormier that plaintiff presented as being in a reasonably good mood and was friendly, pleasant, and talkative. AT 23. Given plaintiff's behavior at the exam, Dr. Cormier based his finding of "serious impairment" in interacting with others on plaintiff's history as reported by plaintiff and her mother. AT 465, 467. However, the ALJ found plaintiff's and her mother's statements about her impairments "not entirely credible" in unchallenged findings. AT 22, 23.

The ALJ also considered Dr. Trustman's October 2013 evaluation, noting that plaintiff "appeared very pleasant, interactive, and cooperative" at the exam. AT 22, 457. While Dr. Trustman noted plaintiff's "rather volatile mood and difficulty with self-regulation," he did not indicate any marked or extreme limitation in plaintiff's ability to interact with others. AT 462.

---

20 C.F.R. § 416.926a(b)(1). If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings. 20 C.F.R. § 416.926a(d).

7

At the hearing, plaintiff testified that she had several friends, had no problem talking to the kids in her neighborhood, and was able to confide in close friends with little conflict. AT 55, 58-59, 68. There was evidence that plaintiff's behavior at school had improved over the past year. AT 375 ("Aja has made significant progress in this [social/emotional/behavioral] area over the past year. . . . Aja is very nice and polite to adults and to peers."), AT 393 ("She has not received any discipline referrals since attending Foothill this year."). In light of the entire record, plaintiff has not established marked limitation in this area.

2. <u>Attending and completing tasks</u>

In this domain area, the ALJ found less than marked limitation, explaining:

> This finding takes into account the claimant's difficulty in maintaining concentration. The consultative examinations performed in 2013 revealed the claimant's concentration capacity was impaired, as she exhibited problems performing serial threes and recalling digits backwards (Ex. 5F, p.4). However, a subsequent examination performed in 2014 shows that the claimant's concentration improved after she was started on medication (Exs. 8F, p. 3; and 9F, p. 13). Therefore, the undersigned finds that the claimant has less than marked limitation in this domain.

AT 26.

Plaintiff argues that the ALJ's assertion of improved concentration on medication is not supported by the record. As evidence for this improvement, the ALJ cited Dr. Cormier's June 2014 examination, which reported: "Her concentration capacity was somewhat surprisingly intact as instantiated by her ability to successfully count by serial 3's from 1 to 40 within 40 seconds, and her ability to recall six digits forwards and four digits backwards." AT 466.

The ALJ also cited an April 2014 progress note, which stated: "Client admits to being moody, impulsive, angry, poor focus & attention. Client presents very mature & articulate, good eye contact, bright affect, friendly, sociable, talkative, calm, appro. coop." AT 482. The progress note prescribed Tenex. AT 482. A later 2014 progress note stated that "Tenex has improved client's impulsivity, anxiety & focus." AT 472.

Plaintiff argues that the ALJ's findings fail to take into account plaintiff's 2013 diagnosis of ADHD and her 2015 Individual Education Plan, which noted "borderline

8

attention/concentration skills."[5] AT 397. However, the 2015 IEP also noted that plaintiff "appears to have made significant growth since last year." AT 398. The court finds the ALJ's finding of no marked limitation in this domain adequately supported by the record.

### 3. Acquiring and using information

The ALJ found less than marked limitation in this domain area, writing:

> This finding takes into account the claimant's low average functioning on intellectual testing as well as the claimant's poor grades in school in the 2013-2014 school year (Exs. 2F, p. 5; and 5F, p.4). However, it gives her credit for her improvement in school since starting medication and being homeschooled (Ex. 9F, p.2). Thus, the undersigned finds less than marked limitation in this domain.

AT 25.

Plaintiff argues that the ALJ discounted evidence that plaintiff struggled with reading and math, and performed at four or more years below grade level academically. Testing in October 2013 indicated reading and math scores "in the average to low-average range," commensurate with plaintiff's estimated intellectual ability. AT 457. In October 2013, at age 14, plaintiff's reading score was equivalent to grade 5.1 and her math score was equivalent to grade 5.8. AT 457. Earlier that year, Dr. Cormier noted that "[h]er arithmetic reasoning skills were average . . . Her vocabulary was within normal limits." AT 443. Overall, her "general vocabulary, word usage, reported history, and ability to conceptualize suggests an individual of approximately below average intellectual functioning." AT 443. The ALJ stated in general terms that he had considered plaintiff's low-average functioning and poor grades in 2013 and 2014.

However, evidence indicated that plaintiff had improved in school since starting medication and homeschooling. The ALJ cited a July 3, 2014 progress note in which plaintiff's mother reported that plaintiff would continue to be homeschooled. AT 471. The report noted that "client's grades have improved tremendously in part to no longer having distractions from

---

[5] Defendant asserts that the April 2015 Shasta County IEP report (AT 373-398), which post-dated the February 2015 decision in this case, is irrelevant as it is new evidence that does not relate to the time period under consideration. See 20 C.F.R. § 404.970. This argument is well-taken and, at any rate, the April 2015 IEP tends to support the ALJ's findings that plaintiff's abilities improved due to medication and homeschooling.

9

classmates and current medication regimen." AT 471. See <u>Warre v. Comm'r</u>, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). The court finds the ALJ did not err in finding no marked limitation in this domain.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 28) is granted; and

3. Judgment is entered for the Commissioner.

Dated: March 15, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/terry2324.ssi.ckd